UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wayne Ashley, | ) | Civil Action No.:  4:16-cv-01969-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Rushmore Loan Management Services, LLC | ) | |
| and U.S. Bank National Association, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court for resolution of Defendants' Joint Motion to Dismiss.  *See* ECF No. 5.  The Court denies the motion for the reasons herein.[1]

**Background**

On June 16, 2016, Plaintiff Wayne Ashley filed this action in this Court against Rushmore Loan Management Services, LLC ("Rushmore") and U.S. Bank National Association ("U.S. Bank") (collectively, "Defendants") asserting various claims related to his efforts at loan modification of his residential mortgage.  *See* ECF No. 1.  The allegations in Plaintiff's complaint indicate that U.S. Bank is the mortgage holder and that Rushmore acts as the mortgage servicer as well as debt collector.  *See id.* at ¶¶ 5-9, 11, 21.  He alleges Defendants intentionally delayed his requests for a loan modification, never actually intended to provide him an affordable loan modification, wrongfully applied funds from a mortgage assistance program, and never notified him of a pending foreclosure action.  *Id.* at ¶¶ 10-46.  Plaintiff asserts two federal causes of action and seven state causes of action, specifically: (1) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 and 12 C.F.R. § 1024.41; (2) violation

---

[1]     Pursuant to Local Civil Rule 7.08, the district court may decide motions without a hearing.  The Court has reviewed the parties' filings and determined a hearing in this matter is unnecessary.

of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; (3) violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 *et seq.*; (4) fraud; (5) negligence; (6) negligent training and supervision; (7) reckless and wanton training and supervision; (8) breach of contract; and (9) intentional infliction of emotional distress.[2]  *Id.* at ¶¶ 47-104.  Significantly, Plaintiff seeks monetary damages, costs, and attorney's fees, but does **_not_** seek declaratory, equitable, or other discretionary relief.  *See id.* at pp. 22-23 (prayer for relief).

On July 14, 2016, Defendants filed a joint motion to dismiss arguing the Court should abstain from exercising jurisdiction over this action pursuant to both *Younger v. Harris*, 401 U.S. 37 (1971), and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), because there is an ongoing foreclosure proceeding in state court.  *See* ECF No. 5.  Defendants have attached various exhibits to their motion to dismiss, including copies of court documents from the state foreclosure proceeding, which was filed prior to the instant federal action.  *See* ECF Nos. 5-2 through 5-17.  These documents indicate the following chronology of events:

- December 13, 2013:  U.S. Bank filed a foreclosure action[3] against Plaintiff in the Court of Common Pleas for Florence County, South Carolina. *See* ECF No. 5-4.

- July 10, 2014:  After Plaintiff failed to respond, the state court held a foreclosure hearing and entered a judgment of foreclosure and sale. *See* ECF No. 5-8.

- July 25, 2014:  Plaintiff appeared and filed a motion to vacate the judgment of

---

[2]    Plaintiff asserts all nine claims against Rushmore, and eight claims (excluding violation of the Fair Debt Collection Practices Act) against U.S. Bank.  *Compare* ECF No. 1 at ¶¶ 47-104 (claims against Rushmore), *with id.* at ¶¶ 47-55, 61-104 (claims against U.S. Bank).

[3]    Rushmore is not a party to the state foreclosure action.

foreclosure and sale.[4]  *See* ECF No. 5-10.

- January 12, 2015:    The state court granted Plaintiff's motion to vacate.  *See* ECF No. 5-14.

- February 6, 2015:    Plaintiff filed an answer to the foreclosure complaint.  *See* ECF Nos. 5-15 & 8-1.

Besides reviewing these state court filings attached to Defendants' motion to dismiss, the Court has also reviewed the Florence County Public Index and takes judicial notice[5] that the foreclosure action is still pending in state court.[6]

Alternatively, if the Court declines to abstain from exercising jurisdiction, Defendants seek dismissal of each of Plaintiff's causes of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim.  *See* ECF No. 5.  Plaintiff filed a response in opposition on August 1, 2016, and Defendants filed a reply on August 11, 2016.  *See* ECF Nos. 8 & 9.

## Discussion

Defendants contend the Court should dismiss this action on abstention grounds under *Younger* and *Colorado River* because there is an ongoing foreclosure proceeding in state court.  ECF No. 5-1 at 10-15.

The Court has subject matter jurisdiction over Plaintiffs' claims for damages pursuant to 28

---

[4]    Plaintiff claimed in the motion to vacate (and in his instant federal complaint) that he did not learn of the foreclosure action until July 22, 2014.  *See* ECF No. 5-8 at ¶ 10; ECF No. 1 at ¶ 18.

[5]    The Court may take judicial notice of the records from the state foreclosure action.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[6]    The Florence County Public Index indicates a motion for a continuance in the foreclosure action was granted on October 5, 2016, and a notice of hearing was entered on March 17, 2017.  *See U.S. Bank Nat'l Ass'n v. Wayne A. Ashley et al.*, Civ. Action No. 2013-CP-21-3207, *available at* http://publicindex.sccourts.org/Florence/PublicIndex (last visited Mar. 27, 2017).

3

U.S.C. §§ 1331 and 1332.  *See* Compl. at ¶ 2.  "District courts ordinarily have a strict duty to exercise the jurisdiction that is conferred on them by Congress."  *Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 823 (4th Cir. 2000).  "[A]bstention from the exercise of federal jurisdiction is the exception, not the rule.  The obligation to hear cases properly before the district court is virtually unflagging."  *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993) (internal quotation marks and citation omitted).  "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter."  *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).  "Abstention may be justified only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."  *Forst*, 4 F.3d at 251 (internal quotation marks omitted).

"The Supreme Court has identified various circumstances where abstention may be warranted . . . ."  *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 248 (4th Cir. 2013); *see generally Skipper v. Hambleton Meadows Architectural Review Comm.*, 996 F. Supp. 478, 481-81 (D. Md. 1998) (summarizing the categories of abstention).  At issue in this case are the forms of abstention recognized in *Younger v. Harris*, 401 U.S. 37 (1971), and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  *Younger* abstention applies to three "exceptional" categories of cases: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint*, 134 S. Ct. at 588.[7]  *Colorado River* abstention "permits federal courts, under exceptional circumstances, to refrain from exercising jurisdiction in deference to pending, parallel state

---

[7]    The Supreme Court in *Sprint* clarified the limited scope of *Younger*, stating, "We have not applied *Younger* outside these three 'exceptional' categories, and today hold . . . that they define *Younger*'s scope."  134 S. Ct. at 591; *see id.* at 593-94 ("In short, to guide other federal courts, we today clarify and affirm that *Younger* extends to the three "exceptional circumstances" . . . , but no further.").

proceedings . . . in cases where 'considerations of wise judicial administration, giving regard to

conservation of judicial resources and comprehensive disposition of litigation' clearly favor abstention."

*Ackerman*, 734 F.3d at 247-48 (quoting *Colorado River*, 424 U.S. at 817).

In *Quackenbush v. Allstate Insurance Co.*, the Supreme Court clarified that a federal court ***can***

***stay*** an action for damages based on abstention principles but ***cannot dismiss*** (or remand) an action for

damages:

> We have thus held that in cases where the relief being sought is
> equitable in nature or otherwise discretionary, federal courts not only
> have the power to stay the action based on abstention principles, but
> can also, in otherwise appropriate circumstances, decline to exercise
> jurisdiction altogether by either dismissing the suit or remanding it to
> state court. ***By contrast, while we have held that federal courts may***
> ***stay actions for damages based on abstention principles, we have***
> ***not held that those principles support the outright dismissal or***
> ***remand of damages actions.***
>
> . . . .
>
> ***In those cases in which we have applied traditional abstention***
> ***principles to damages actions, we have only permitted a federal***
> ***court to withhold action until the state proceedings have concluded;***
> ***that is, we have permitted federal courts applying abstention***
> ***principles in damages actions to enter a stay, but we have not***
> ***permitted them to dismiss the action altogether[.]***

517 U.S. 706, 721, 730 (1996) (internal quotation marks and citation omitted) (emphases added).  The

Fourth Circuit has strictly adhered to *Quackenbush*, consistently ruled that a district court applying

abstention principles can only stay—not dismiss or remand—an action for monetary damages, and

found reversible error where a district court dismissed or remanded actions or claims for damages.  *See,*

*e.g.*, *Nivens v. Gilchrist*, 444 F.3d 237, 247-48 (4th Cir. 2006); *Myles Lumber Co. v. CNA Fin. Corp.*,

233 F.3d 821, 823-25 (4th Cir. 2000); *Johnson v. Collins Entm't Co.*, 199 F.3d 710, 727-29 (4th Cir.

1999); *Clowdis v. Silverman*, 666 F. App'x 267, 270 (4th Cir. Nov. 22, 2016) (unpublished); *Beam v.*

5

*Tatum*, 299 F. App'x 243, 244-48 (4th Cir. 2008) (unpublished); *I-77 Props., LLC v. Fairfield Cty.*, 288

F. App'x 108, 110-11 (4th Cir. 2008) (unpublished); *Fourth Quarter Props. IV, Inc. v. City of Concord*,

127 F. App'x 648, 654-57 (4th Cir. 2005) (unpublished); *Johnson v. City of Chesapeake*, 205 F.3d

1333, 2000 WL 219756, at *1-2 (4th Cir. 2000) (unpublished).[8]  Significantly, another court within this

circuit has recently applied *Quackenbush* where there were pending foreclosure actions in state court

and ruled it could not dismiss the federal actions seeking damages.  *See Lindsay v. Rushmore Loan*

*Mgmt., Servs.*, LLC, No. PWG-15-1031, 2017 WL 167832, at *1, 4 (D. Md. Jan. 17, 2017); *Tucker v.*

*Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 647 (D. Md. 2015).

   In his federal complaint, Plaintiff seeks ***only*** monetary damages, does ***not*** seek to enjoin the

foreclosure process, and does ***not*** ask for equitable, declaratory, or discretionary relief.  *See* ECF No.

1 at pp. 22-23 (prayer for relief).  Plaintiff himself acknowledges this fact in his response in opposition

to Defendants' motion.  *See* ECF No. 8 at 5 ("Plaintiff is not seeking an injunction in the underlying

foreclosure action . . . .  [T]his action does not even seek equitable relief relating to the pending

foreclosure.").  Although Defendants address the substantive law pertaining to the *Younger* and

*Colorado River* abstention doctrines, they fail to recognize the Court does not have the discretion to

dismiss this damages-only action.  Given the unequivocal language of *Quackenbush*,[9] the Court must

deny Defendants' motion to the extent it seeks dismissal based on the *Younger* and *Colorado River*

---

[8]    Likewise, courts in this district strictly follow *Quackenbush*.  *See, e.g.*, *Gracious Living Corp. v. Colucci & Gallaher, PC*, __ F. Supp. 3d __, __, 2016 WL 6102248, at *6 (D.S.C. Oct. 19, 2016); *Cramer v. Walley*, No. 5:14-cv-03857-JMC, 2015 WL 3968155, at *7 (D.S.C. June 30, 2015); *Valencia v. Doe Officers*, No. 6:13-cv-00634-MGL-JDA, 2014 WL 3687422, at *4 (D.S.C. July 23, 2014); *Wirtz v. Oconee Cty. Sheriff's Dep't*, No. 8:13-cv-01041-RMG, 2013 WL 5372795, at *5 (D.S.C. Sept. 24, 2013); *Stewart v. Beaufort Cty.*, 481 F. Supp. 2d 483, 494-96 (D.S.C. 2007).

[9]    Interestingly, in their motion to dismiss, Defendants cite *Quackenbush* (in passing reference) but do not account for the clear language regarding a federal court's inability to dismiss an action for damages based on abstention.  *See* ECF No. 5-1 at 10.

6

abstention doctrines.

The remaining question is whether the Court should stay this action, which *is* permissible under *Quackenbush*.[10] However, Defendants have not moved for a stay, and the Court will not decide whether a stay is appropriate without first affording the parties an opportunity to brief this issue. **The Court directs the parties to brief the issue of whether a stay is proper and to submit these briefs within thirty days of the date of this Order.**[11] Briefly, the Court notes the state foreclosure action concerns the ownership of the property at issue. Plaintiff does not seek in this federal action ownership of the property; he seeks only damages. But it is unclear whether the findings in this federal case may have some effect on the state foreclosure proceedings or vice versa because, in his answer to the state foreclosure action, Plaintiff alleges as affirmative defenses unclean hands, laches, and waiver regarding the "loan modification" process by the loan servicer Rushmore. *See* ECF No. 8-1 at ¶¶ 18-20. This may implicate Plaintiff's claim under the Real Estate Settlement Procedures Act in federal court.

Furthermore, the Court at this time will deny Defendants' motion to dismiss Plaintiff's claims under Rule 12(b)(6) without prejudice to refiling such a motion at a later date. The Court does note, however, that it has reviewed Plaintiff's claims and believes many may survive a 12(b)(6) motion to

---

[10]    Although the parties have not addressed the propriety of a stay, the Court may raise this issue sua sponte. *See generally Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (alteration in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).

[11]    As mentioned above, another court within this circuit has discussed stays in the same context—where a foreclosure action was pending in state court—and analyzed the propriety of a stay. *See Lindsay v. Rushmore Loan Mgmt., Servs.*, LLC, No. PWG-15-1031, 2017 WL 167832 (D. Md. Jan. 17, 2017); *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635 (D. Md. 2015) (citing *Brumfiel v. U.S. Bank, N.A.*, No. 14-CV-2453-WJM, 2014 WL 7005253 (D. Colo. Dec. 11, 2014); *Carrier v. Bank of Am., N.A.*, No. CIV. 12-104 RMB/JS, 2014 WL 356219 (D.N.J. Jan. 31, 2014), *aff'd*, 592 F. App'x 135 (3d Cir. 2015); *Lech v. Third Fed. Sav. & Loan Ass'n of Cleveland*, No. 2:13-CV-518, 2013 WL 6843062 (S.D. Ohio Dec. 27, 2013), *adopted by*, 2014 WL 184402 (S.D. Ohio Jan. 14, 2014)).

dismiss.[12]

## **Conclusion**

For the foregoing reasons, the Court **DENIES** Defendants' Joint Motion to Dismiss [ECF No. 5] *with prejudice* to the extent it seeks dismissal based on the *Younger* and *Colorado River* abstention doctrines, and *without prejudice* to the extent it seeks dismissal of each of Plaintiff's causes of action under Rule 12(b)6) for failure to state a plausible claim.  The Court **DIRECTS** the parties to brief the issue of whether a stay is proper and to submit these briefs **within thirty days** of the date of this Order.

**IT IS SO ORDERED.**


Florence, South Carolina                                    s/ R. Bryan Harwell
March 27, 2017                                              R. Bryan Harwell
                                                           United States District Judge

---

[12]    Additionally, the Court notes it is unclear whether U.S. Bank would allow Plaintiff to assert these claims in the state foreclosure action as counterclaims.  Plaintiff has submitted a copy of his answer in the foreclosure action, and it does not indicate he has raised any counterclaims. *See* ECF No. 8-1.