UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wayne Ashley, | ) | Civil Action No.: 4:16-cv-01969-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Rushmore Loan Management Services, LLC and U.S. Bank National Association, | ) | |
| Defendants. | ) | |

On May 2, 2017, the Court issued an order staying this case for 120 days, directing the parties to file a report addressing the status of the state foreclosure action, and stating the Court would revisit whether a stay is proper upon the filing of that report. *See* ECF No. 16. On August 30, 2017 (the final day of the stay), the parties filed a joint status report indicating that the depositions of Plaintiff and U.S. Bank occurred in May 2017 and that the foreclosure matter would be ready for a final hearing after the resolution of several discovery disputes. *See* ECF No. 18. The parties further indicated a final hearing would likely not be set in the foreclosure matter for at least 120 days. *Id.* at p. 2.

Having considered the reported status of the state foreclosure action as well as the parties' prior briefs[1] regarding the propriety of a stay, the Court will lift the stay because it is not warranted under either the *Younger*[2] or *Colorado River*[3] abstention doctrines. First, regarding *Younger* abstention, the

---

[1] *See* ECF Nos. 14 & 15.

[2] *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention applies to three "exceptional" categories of cases: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

[3] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "For a federal court to abstain under the *Colorado River* doctrine, two conditions must be satisfied. As a threshold requirement, there must be parallel proceedings in state and federal court. *Colorado River*, 424 U.S. at 813. Second, 'exceptional circumstances' warranting abstention must exist. *Id.* Without establishing a rigid test, the Supreme Court has

Court finds the reasoning in the following cases persuasive and hereby adopts it by reference. *See Agomuoh v. PNC Fin. Servs. Grp.*, 2017 WL 657428, at *4–5 (D. Md. Feb. 16, 2017); *Lindsay v. Rushmore Loan Mgmt., Servs., LLC*, 2017 WL 167832 (D. Md. Jan. 17, 2017); *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 643–47 (D. Md. 2015).

Second, regarding *Colorado River* abstention, the Court finds the state foreclosure action and the instant federal action are not parallel proceedings because the actions seek different remedies: a judgment of foreclosure and sale of the property in the state action versus monetary damages in the federal action. *See Gannett Co. v. Clark Const. Grp., Inc.*, 286 F.3d 737, 741–43 (4th Cir. 2002) (applying *Colorado River* and concluding the state and federal actions were not parallel because "the actions seek different remedies," namely "a lien and foreclosure on the property" in the state action and "compensatory damages" in the federal action). Even assuming *arguendo* that the actions are parallel, this case does not present "exceptional circumstances" warranting abstention. Plaintiff presents claims not only under state law but also under federal law,[4] and these claims are not presented in the state foreclosure action.[5] The Supreme Court has cautioned:

---

recognized several factors that are relevant in determining whether a particular case presents such exceptional circumstances: (1) jurisdiction over the property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law is implicated; and (6) whether the state court proceedings are adequate to protect the parties' rights. *Id.* at 818." *Gannett Co. v. Clark Const. Grp., Inc.*, 286 F.3d 737, 741 (4th Cir. 2002).

[4] Plaintiff asserts two federal causes of action and seven state causes of action, specifically: (1) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 and 12 C.F.R. § 1024.41; (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; (3) violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 *et seq.*; (4) fraud; (5) negligence; (6) negligent training and supervision; (7) reckless and wanton training and supervision; (8) breach of contract; and (9) intentional infliction of emotional distress. *See* ECF No. 1 at ¶¶ 47-104.

[5] In a prior order, the Court expressed initial concern that "the findings in this federal case may have some effect on the state foreclosure proceedings or vice versa because, in his answer to the state foreclosure action, Plaintiff alleges as affirmative defenses unclean hands, laches, and waiver regarding the 'loan modification' process by the loan servicer Rushmore." *See* ECF No. 10 at p. 7. However, "[t]he threat of different outcomes . . . is not the type of inconsistency against which abstention is designed to protect . . . ." *Gannett*, 286 F.3d at 746.

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the ***complete*** and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) (emphasis added). Moreover, the Court finds the analysis in *Agomuoh*, *supra*, is highly persuasive and adopts that court's analysis by reference. *See* 2017 WL 657428, at *6 ("Plaintiffs present claims not only under Maryland state law, but also claims under federal statutes as the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Weighing these considerations alone caution against applying *Colorado River* abstention, which is the 'exception, not the rule.'" (quoting *Gannett*, 286 F.3d at 741)).

Based on the foregoing, the Court **DIRECTS** the Clerk to lift the stay in this case. **The parties must submit a proposed consent amended scheduling order within five days of the date of this Order.**

**IT IS SO ORDERED.**

Florence, South Carolina  
August 31, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge